## O'Donnell, Appellant, *v.* Pennsylvania Liquor Control Board.

Argued Nov. 27, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Ellwood J. Turner,* with him *Maurice R. Metzger* and *William L. Hammond,* for appellant.

*Horace A. Segelbaum,* Deputy Attorney General, with him *James H. Duff,* Attorney General, for appellee.

PER CURIAM, December 29, 1944:

The final decree of the learned court below refusing plaintiff equitable relief by issuance of a preliminary injunction restraining the Pennsylvania Liquor Control Board from proceeding with hearings against plaintiff, on a petition asking that his application for renewal of his license be rejected, is affirmed on the opinion of that court, which is brief and pointed, and is as follows:

"BY THE COURT:

"The Plaintiff was the holder of a restaurant liquor license in Delaware County for the year 1943. He applied for a renewal of said license for the year 1944. A petition was filed with the Board protesting the renewal of said license because of the objectionable character of the premises. The Board notified the plaintiff of the objections, stating that the premises were so conducted as to constitute a nuisance. Hearings were held but no action has as yet been taken on the renewal of the license [A temporary and conditional license was issued for 1944 pending decision of the Board].

"At this stage, the plaintiff filed his bill seeking to restrain the defendant, temporarily until hearing and permanently thereafter, from using or considering the testimony adduced at the hearings by or on behalf of said petitioners, from proceedings under the notice given to the licensee, from using the procedure adopted by it and requiring the issuance of a license for the year 1944, without qualifications.

"In the opinion of this court, we have no right or power to grant a preliminary injunction as prayed for. Section 404 of the Act of 1933, P. L. 15, as amended, (47 P.S. 744-404) provides:

" 'Any applicant who has appeared before the board, or any agent thereof, at any hearing as above provided, who is aggrieved by the refusal of the board . . . to *renew* or transfer a hotel, *restaurant* or club liquor license, may appeal within twenty days from the date of refusal to the court of quarter sessions of the county in which the hotel or restaurant or club is located . . . The court shall hear the application de novo . . .'

"This affords the plaintiff a complete and adequate remedy at law. There is no occasion, therefore, for this court to grant equitable relief by issuing a preliminary injunction",

Decree affirmed; costs to be paid by plaintiff.